IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02527-GPG

DAVON COPPAGE,

    Plaintiff,

v.

C.HAGENS, Officer,
FNU YENTER, Officer,
T.K. COZZA-RHODES, and
FEDERAL BUREAU OF PRISONS,

    Defendants.

## ORDER DIRECTING PLAINTIFF TO FILE AN AMENDED COMPLAINT

    Plaintiff, Davon Coppage, is in the custody of the Federal Bureau of Prisons at the United States Penitentiary, in Florence, Colorado. He has filed, *pro se*, a Prisoner Complaint alleging deprivations of his constitutional rights pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) and 28 U.S.C. § 1331. Mr. Coppage has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

    The Court must construe the Complaint liberally because Mr. Coppage is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110. The Court has reviewed the complaint and has determined that it is deficient. For the reasons discussed below, Plaintiff will be directed to file an amended complaint.

**I. The Complaint**

Mr. Coppage asserts in the Complaint that on October 31, 2015, staff responded to a fire in his cell, placing Plaintiff and his cell mate in hand restraints. The cell mate was removed immediately, while Plaintiff was left in the smoke-infused cell for approximately thirty minutes. Plaintiff told Defendant Yenter that he was having trouble breathing, but Yenter did not respond. Mr. Coppage was eventually escorted to medical. Plaintiff alleges that during the escort to medical, Defendant Hagens approached him and threatened him verbally with physical injury. After Plaintiff was seen by medical, Defendant Yenter escorted him back to his cell. On the way, Defendant Hagens continued to make verbal taunts to Plaintiff and Defendant Yenter pushed Plaintiff into Defendant Hagens. According to Mr. Coppage, Defendant Yenter then "slam[med]" Plaintiff on the ground and Defendant Hagans "slam[med]" Plaintiff's head into the ground, causing a "nasty bruise" on the left side of his face, as well as a bruised shoulder. (ECF No. 1 at 9). Plaintiff states that following the incident, his head hurt for several days, he suffered pain in his jaw and neck, and a broken tooth. He further alleges that during the assault, the Defendants called him a "fu—ing nigger," (*id.*), and that after the assault Defendant Hagens said: "If you file on me for this I will kill you nigger."  (*Id.* at 7).

Mr. Coppage alleges in the Complaint that Defendant T.K. Cozza-Rhodes, the USP-Florence Warden, supervises prison guards on the use of force against inmates and that she "directed staff to use force more frequently on black inmates than white and to specifically target inmates who filed grievances or lawsuits which I was [ ] a[ ] black prisoner in the process of doing with Jeremy Pinson who the Warden called the 'jailhouse lawyer from hell.'"  (*Id.* at 4). Plaintiff alleges that the assault occurred after he "filed on

[the Warden]."

Mr. Coppage asserts that the Defendants violated his Eighth Amendment right to be free excessive force, violated his Fourteenth Amendment equal protection rights because the assault was racially-motivated, and that Defendants retaliated against him for exercising his First Amendment right of access to the courts. He seeks damages and an injunction prohibiting BOP employees from using excessive force against USP-Florence inmates.

## II. Analysis

### A. Sovereign Immunity

Mr. Coppage's claim for damages against the Federal Bureau of Prisons is barred by the doctrine of sovereign immunity. See *F.D.I.C. v. Meyer,* 510 U.S. 471, 475, 485-86 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit" and the federal government has not waived its immunity for *Bivens* actions). However, Plaintiff may pursue a claim for injunctive relief against the Bureau. When a plaintiff alleges a claim under 5 U.S.C. § 702, sovereign immunity no longer bars suit because § 702 provides a limited waiver of immunity for claims "other than money damages." See *Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1238-39 (10th Cir.2005) (finding that the Bureau of Prisons is an agency subject to the waiver of sovereign immunity in § 702, and therefore sovereign immunity did not bar prisoner's Eighth Amendment claim for denying dental care).

### B. Unlawful Retaliation

Plaintiff claims that the assault was in retaliation for exercising his First Amendment right of access to the courts (filing a grievance or a lawsuit).

"It is well-settled that prison officials may not retaliate against or harass an inmate because of the inmate's exercise of his right of access to the courts." *Gee v. Pacheco*, 627 F.3d 1178, 1189 (10th Cir. 2010) (internal quotation marks and brackets omitted). Filing a prison grievance qualifies as "constitutionally protected activity" under the First Amendment. *Id.* To state an arguable claim of unlawful retaliation for exercising his First Amendment rights, Plaintiff must allege facts to satisfy the following elements: (1) he was engaged in constitutionally protected activity; (2) the government's actions caused him injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) the government's actions were substantially motivated as a response to his constitutionally protected conduct. *Nielander v. Bd. of Cnty. Comm'rs of Cnty. of Republic*, 582 F.3d 1155, 1165 (10th Cir. 2009); *see also Allen v. Corrections Corp. of America*, No. 12-1241, 524 F. App'x 460, 463 (10th Cir. 2013) (unpublished).

Mr. Coppage's retaliation claim falters on the third element. Although Plaintiff makes a conclusory allegation that he was assaulted because he filed a grievance or lawsuit, he does not allege specific facts about the nature of the grievance or lawsuit and when it was filed, nor does he allege facts to show that the alleged assault was motivated by his protected conduct. Plaintiff will be afforded an opportunity to file an amended complaint to state an arguable claim of unconstitutional retaliation.

### C. Personal Participation of the Warden

The Complaint is also deficient because Mr. Coppage does not allege facts to show that Defendant Cozza-Rhodes, the USP-Florence Warden, personally participated in the alleged constitutional violations. Personal participation is an essential allegation in a civil rights action. *See Kite v. Kelly*, 546 F.2d 334, 338 (1976); *Kentucky v. Graham*, 473

U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993); *see also Dodds v. Richardson*, 614 F.3d 1185, 1200-1201 (10th Cir. 2010) ("[D]efendant-supervisors may be liable under § 1983 where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . .–express or otherwise–showing their authorization or approval of such 'misconduct.'") (quoting *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)). A supervisor defendant, such as Warden Cozza Rhodes, may not be held liable for the unconstitutional conduct of her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). This is because "§ 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008). Conclusory allegations that unconstitutional conduct occurred because of a policy implemented by a supervisor are insufficient. *See Iqbal,* 556 U.S. at 680-81.

Mr. Coppage's allegations that the Warden executed a policy directing staff to sue force more frequently on African-American inmates and to target inmates who file grievances or lawsuits, are factually insufficient to demonstrate Defendant Cozza-Rhodes' personal participation in the alleged violations of Plaintiff's Eighth and Fourteenth Amendment rights, or in unconstitutional retaliation. Mr. Coppage will be afforded an opportunity to file an amended complaint to state an arguable claim for relief against Defendant Cozza-Rhodes. Accordingly, it is

ORDERED that Plaintiff, Davon Coppage, file **within thirty (30) days from the date of this order,** an Amended Complaint that addresses the deficiencies in the original Complaint, as discussed in this order.   It is

FURTHER ORDERED that Mr. Coppage shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, and shall use that form in filing the Amended Complaint. It is

FURTHER ORDERED that if Mr. Coppage fails to file an Amended Complaint that complies with this order within the time allowed, the Court will review the allegations of the original Complaint and some or all of this action may be dismissed without further notice, for the reasons discussed above.

DATED December 8, 2015, at Denver, Colorado.

BY THE COURT:

Gordon P. Gallagher
United States Magistrate Judge