IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02527-GPG

DAVON COPPAGE,

    Plaintiff,

v.

C.HAGENS, Officer,
FNU YENTER,
THERESA COZZA-RHODES, and
FEDERAL BUREAU OF PRISONS,

    Defendants.

## ORDER TO DISMISS IN PART AND TO DRAW CASE

    Plaintiff, Davon Coppage, is in the custody of the Federal Bureau of Prisons (BOP) at the United States Penitentiary, in Florence, Colorado. He initiated this action by filing, *pro se*, a Prisoner Complaint alleging deprivations of his constitutional rights pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) and 28 U.S.C. § 1331.

    On December 8, 2015, Magistrate Judge Gordon P. Gallagher reviewed the Complaint and determined that it was deficient because the BOP enjoys sovereign immunity from liability under *Bivens*; Plaintiff failed to allege specific facts to demonstrate the Defendant Warden's personal participation in the alleged constitutional deprivations; and, Plaintiff failed to state facts to support an arguable claim of unconstitutional retaliation. (ECF No. 8). Consequently, Magistrate Judge Gallagher directed Mr.

Coppage to file an Amended Complaint within 30 days of the December 8 Order.

On December 11, 2015, Plaintiff filed a Letter (ECF No. 9), which appeared to include additional factual allegations against the Defendants. Accordingly, on December 15, 2015, Magistrate Judge Gallagher directed Plaintiff to file an Amended Complaint, within 30 days, on the court-approved Prisoner Complaint form, that complied with the directives in the December 8 Order, and included all factual allegations in support of his claims for relief.

On December 21, 2015, Mr. Coppage filed a document titled "Motion to Dismiss in Part, Proceed in Part." (ECF No. 11). In a December 23, 2015 Minute Order, Magistrate Judge Gallagher reminded Plaintiff that he must comply with the Court's December 8 and December 15 Orders. (ECF No. 12). Magistrate Judge Gallagher further instructed Plaintiff that if he wished to dismiss Defendant Cozza-Rhodes, then he should not name that Defendant in the Amended Complaint. (*Id.*). Mr. Coppage was granted an extension of time, to January 23, 2016, to file his Amended Complaint. (*Id.*).

Plaintiff filed an Amended Complaint on January 23, 2016, in which he names the same Defendants who were named in the original Complaint.

Mr. Coppage has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

The Court must construe the Amended Complaint liberally because Mr. Coppage is not represented by an attorney.  See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for *pro se* litigants.  See *Hall*, 935 F.2d at 1110.  For the reasons discussed below, this action will be dismissed, in part, and the remainder drawn to a presiding judge.

## I.  The Amended Complaint

Mr. Coppage, who is African-American, alleges in the Amended Complaint that on October 22, 2015, Defendants Yenter and Hagens subjected him to racial slurs while escorting him to a holding cell.  When Plaintiff asked why they were calling him a "nigger," the Defendants "grab[bed] the box on plaintiff's handcuffs and slammed him into a concrete floor causing injury to his neck, spine and shoulders," for which he suffered "unbearable pain."  (ECF No. 13 at 4).  Mr. Coppage further states that the Defendants threatened to kill him, while continuously using racial slurs, and that they refused to allow him to see medical staff to assess his injuries.  Plaintiff asserts that he thereafter reported his injuries to Defendant Warden Cozza-Rhodes on at least six occasions, but he did not receive any medical treatment. He alleges that he has "spent months in unabated and severe chronic pain," as a result of the lack of medical treatment.  (*Id.* at 5).  Mr. Coppage asserts in claims one and two that the Defendants violated his Eighth Amendment right to be free from the use of excessive force, and acted with deliberate indifference to his serious medical needs.  He seeks monetary and injunctive relief.

For his third claim, Mr. Coppage asserts a violation of his Fifth Amendment equal

protection rights based on the fact that he made several requests to the Warden to be celled with inmate Jeremy Pinson, who is Hispanic, but the Warden refused on the ground that she does not allow interracial housing. Plaintiff further alleges that a BOP policy prohibits interracial housing in the federal penitentiaries. He also asserts that racist practices are pervasive at USP-Florence. Plaintiff requests that the Court enjoin the BOP's segregated housing practice.

**II. Analysis**

Mr. Coppage fails to allege specific facts in the Amended Complaint to show that Defendant Cozza-Rhodes, the USP-Florence Warden, personally participated in the alleged Eighth Amendment violations. Mr. Coppage was warned in the December 8 Order that personal participation is an essential allegation in a *Bivens* action. *See Kite v. Kelly*, 546 F.2d 334, 338 (1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Gallagher v. Shelton,* 587 F.3d 1063, 1069 (10th Cir.2009) (citations and quotations omitted). Supervisors can only be held liable for their own deliberate intentional acts. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Dodds v. Richardson*, 614 F.3d 1185, 1200-1201 (10th Cir. 2010). Warden Cozza-Rhodes, may not be held liable for the unconstitutional conduct of her subordinates on a theory of respondeat superior. *See Ashcroft*, 556 U.S. at 676.

To the extent Mr. Coppage asserts an excessive force claim against Defendant Cozza-Rhodes, he fails to allege any facts to show that she was personally involved in the alleged use of force.

Furthermore, Plaintiff's allegations are insufficient to show the Warden's personal involvement in the alleged denial of medical care. To state an Eighth Amendment claim against the Warden, Mr. Coppage must allege specific facts to show that (1) he was deprived of a medical need that is, objectively, "sufficiently serious," *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), and that (2) the Warden knew of and disregarded "an excessive risk to [the prisoner's] health or safety," *id*. at 837.

Plaintiff alleges that he notified the Warden verbally, on several occasions, that he had not received medical care for the injuries he suffered in the alleged excessive force incident.   However, simple awareness of a prisoner's complaints of health concerns does not constitute personal participation in the deprivation of a constitutional right.   *See, e.g., Davis v. Ark. Valley Corr. Facility*, No. 02-1486, 99 F. App'x. 838, 843 (10th Cir. May 20, 2004) (unpublished) (copying the warden with correspondence outlining his complaints about medical care, without more, is insufficient to demonstrate the warden's personal participation in a constitutional violation); *Plummer v. Daniels*, Case No. 13-cv-00440–BNB, 2013 WL 1444544 at *2 (D. Colo. April 9, 2013) (complain[ing] to the Defendant Warden about the alleged inadequate medical treatment in grievances and in verbal communications, without more, is not a sufficient basis to impose *Bivens* liability); *See also Crowder v. Lash,* 687 F.2d 996, 1005-6 (7th Cir. 1982) (rejecting theory that defendant prison official should be held liable for constitutional violations on the basis that

5

plaintiff had informed him personally and by letter of the "deprivations [plaintiff] had encountered."). The Warden is not a medical provider, and Plaintiff's allegations that the Warden ignored his verbal complaints do not, without more, tend to show that the Warden prevented Plaintiff from receiving medical care, denied him access to medical personnel, or otherwise acted with deliberate indifference to a serious medical need. *See Self v. Crum*, 439 F.3d 1227, 1231 (10th Cir. 2006) (citing *Sealock v. Colorado*, 218 F.3d 1205, 1211 (10th Cir. 2000)).

Accordingly, the Eighth Amendment claims against Warden Cozza-Rhodes will be dismissed.

After review pursuant to D.C.COLO.LCivR 8.1(b), the Court has determined that Plaintiff's Eighth Amendment claims against Defendants Hagens and Yenter, and his Fifth Amendment equal protection claims against Warden Cozza-Rhodes and the BOP (for injunctive relief only), do not appear to be appropriate for summary dismissal. Therefore, the claims will be assigned to a presiding judge, and, if appropriate, to a magistrate judge pursuant to D.C.COLO.LCivR 8.1(c).  Accordingly, it is

ORDERED that the Eighth Amendment claims against Defendant Cozza-Rhodes are dismissed for failure to allege her personal participation in the alleged constitutional violations.  It is

FURTHER ORDERED that the Motion to Dismiss in Part, Proceed in Part (ECF No. 11), filed on December 21, 2015, is DENIED AS MOOT, based on Plaintiff's subsequent filing of the Amended Complaint. It is

FURTHER ORDERED that the Eighth Amendment claims against Defendants Hagens and Yenter, and the Fifth Amendment equal protection claim against Warden Cozza-Rhodes and the BOP (for injunctive relief only) shall be assigned to a presiding judge and, if appropriate, to a magistrate judge, pursuant to D.C.COLO.LCivR 40.1.

Dated January 22, 2016, at Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court